# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           )
                              )
                              )
   v.                      )      I.D. No. 1405018314
                              )
WILLIAM COMRIE,          )
                              )
     Defendant.         )

Date Submitted: March 2, 2017
Date Decided: April 17, 2017

## ORDER

Upon consideration of Defendant's Motion for Sentence Reduction ("Motion");[1] the State's Response to Defendant's Motion;[2] Superior Court Criminal Rule 35; statutory and decisional law; and the record in this case, **IT APPEARS THAT:**

1. On December 2, 2014, Defendant pled guilty to one count of Second Degree Burglary, two counts of Third Degree Burglary, one count of Felony Theft, and one count of Misdemeanor Theft.[3] On April 17, 2015, Defendant was declared a Habitual Offender and was sentenced.[4] For Second Degree Burglary, Defendant was sentenced to 8 years at Level V.[5] For the first count of Third Degree Burglary, Defendant was sentenced to 3 years at Level V, suspended for 6 months at Level

---

[1] D.I. 30.
[2] D.I. 32.
[3] D.I. 22.
[4] D.I. 25.
[5] *Id.*

IV, followed by 6 months at Level III.[6] For the second count of Third Degree Burglary, Defendant was sentenced to 3 years at Level V, suspended for 1 year at Level III.[7] For Felony Theft, Defendant was sentenced to 1 year at Level V, suspended for 1 year at Level III.[8] For Misdemeanor Theft, Defendant was sentenced to 1 year at level V, suspended for I year at Level III.[9]

2. On May 26, 2015, Defendant filed a Motion for Sentence Reduction.[10] The Court denied that Motion because the language in 11 *Del. C.* § 4214(a)[11] barred the suspension of any portion of Defendant's 8-year sentence.[12]

3. In the instant Motion, Defendant seeks to reduce his 8-year sentence to 4 or 2 years suspended upon completion of the Key Program.[13] In support of his request, Defendant contends the lengths of time between his previous convictions, and the fact that all but one of his previous convictions were not for violent crimes, warrant a sentence reduction.[14] Defendant also states he has not been provided enough chances to participate in the rehabilitative programs in his correctional

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] D.I. 26.
[11] The language of 11 *Del. C.* § 4214 was amended in 2016, after Defendant was sentenced. Defendant does not contend that his sentence should be reduced as a result of this amendment.
[12] D.I. 27.
[13] D.I. 30.
[14] *Id.*

facility.[15] Finally, Defendant alleges that the Department of Correction is failing to provide him proper and timely administration of his medications.[16]

4. On March 2, 2017, the State filed an Affidavit in response to Defendant's allegations regarding the Department of Correction's failure to provide timely and proper administration of Defendant's medications.[17] According to the Affidavit, Defendant's medication was delayed in August 2016 due to late delivery of the medication to the facility.[18] In addition, Defendant received his medication every day in February 2017, except for February 2, but no explanation for the missed dose was given on the records.[19] The Affidavit states that, on average, Defendant has missed one dose of AIDS medication per month.[20]

5. Pursuant to Superior Court Criminal Rule 35(b),[21] the Court will only consider an motion for modification made more than 90 days after the imposition of sentence in "extraordinary circumstances," or pursuant to 11 Del. C. § 4217.[22] Here, Defendant's Motion was filed more than 90 days after the imposition of his

---

[15] *Id.*

[16] *Id.*

[17] D.I. 32 Ex. B, Affidavit of Dr. Vincent Carr.

[18] *Id.* Ex. B, Affidavit of Dr. Vincent Carr.

[19] *Id.* Ex. B, Affidavit of Dr. Vincent Carr.

[20] *Id.* Ex. B, Affidavit of Dr. Vincent Carr.

[21] Defendant does not cite a specific rule under which he makes his request; however, Rule 35(b) sets forth the applicable legal authority based on the circumstances surrounding Defendant's Motion. Super. Ct. Crim. R. 35(b).

[22] 11 *Del. C.* § 4217 sets forth a procedure that allows the Department of Correction to apply for sentence modification on behalf of an offender based on good cause, including rehabilitation of the offender. However, the Department of Correction has not submitted such an application in this case. Therefore, the sole consideration before the Court is whether extraordinary circumstances exist under Rule 35(b).

sentence. Therefore, the Court will consider whether "extraordinary circumstances" exist that would warrant consideration of an untimely Motion for Sentence Reduction.

6. In *State v. DeRoche*,[23] the defendant, who had suffered a heart attack, alleged that the Department of Correction failed to provide him reasonable medical care. The Court found that the defendant in that case "had no reason to suspect that the prison would repeatedly and continually fail to provide reasonable medical care until after the 90–day limitation in the statute had passed,"[24] and that the detention facility had, in fact, failed to provide the Defendant with adequate medical care under 11 *Del. C.* § 6536.[25] Consequently, the Court determined that "extraordinary circumstances [were] present to justify allowing this motion after the 90 day time limitation imposed by Rule 35."[26]

7. Because the Affidavit indicates that the Department of Correction is providing Defendant adequate medical care, this case is distinguishable from *DeRoche*.[27] Unlike in *DeRoche*, no "extraordinary circumstances" exist here that

[23] *State v. DeRoche*, 2003 WL 22293654, at *1 (Del. Super. Aug. 29, 2003)
[24] *Id.* at *3.
[25] *Id.* at *5.
[26] *Id.* at *3.
[27] *See Valentine v. State*, 2014 WL 7894374, at *2 (Del. Dec. 31, 2014) (finding that the defendant in *Valentine* was "unlike the defendant in *State v. DeRoche*" because the defendant in *Valentine* "summarily alleged" that he was not receiving adequate medical care for an eye infection).

would warrant consideration of an untimely Motion for Sentence Reduction.[28]

8. Moreover, Rule 35(b) provides that "[t]he court will not consider repetitive requests for reduction of sentence." This is Defendant's second Motion for Sentence Reduction. Therefore, Defendant's Motion is barred as repetitive.

9. The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction is **DENIED.**

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

Original to Prothonotary:
cc:   William Comrie (SBI# 768665)
       Gregory E. Smith, DAG

---

[28] *See id.*